UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRAD BEGGS, | ) |
|     Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:24CV357 HEA |
| UNITED STATES OF AMERICA[1], | ) ) ) |
|     Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [Doc. No.11]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be granted.

Facts and Background

Plaintiff brought this action pursuant to 26 U.S.C. § 7422 for a refund of a 2016 tax year penalty for an appraisal he performed on behalf of Old Cleveland Properties at the Worthington Yards historic conservation easement. Plaintiff was assessed a $31,250.00 penalty for having made a gross valuation misstatement under Section 6695A. Plaintiff seeks a refund of the penalty in Count I. In Count II, Plaintiff seeks a declaration that no further penalties shall be imposed, nor

---

[1] Plaintiff styled his Complaint as against Commissioner of the Internal Revenue Service. Under 26 U.S.C. § 7422(f)(1), the United States is the proper defendant in this action.

violations alleged against him based on his appraisal. He also asks this Court to find the Internal Revenue Service's ("IRS") assessment of the Section 6695A penalty, and its sending a notice alleging violations of Circular 230, were arbitrary and capricious.

Plaintiff's Complaint alleges that on February 18, 2022, Plaintiff and counsel attended a conference with the I.R.S. in which Brian Gilroy gave the final disposition of the matter. Mr. Gilroy relayed that the I.R.S. concluded that because Plaintiff's appraisal did not analyze the soil to show that Beggs' highest and best before easement use would be physically possible and because Beggs did not confirm with the city of Cleveland that such a structure would be allowed to be constructed, the penalty would be sustained. This was the first time the I.R.S. ever raised any "soil issue" related to Beggs' appraisal.

The I.R.S. did not, however, confirm that the soil would not allow for this building to be constructed nor did it confirm with the city of Cleveland that such a building would be impermissible.

On March 11, 2022, I.R.S. Appeals Team Manager Tracy Kim sent a letter confirming resolution of the I.R.S. Appeals process stating that it had fully disallowed Beggs' claim.

The I.R.S. reached a settlement agreement with Old Cleveland Properties in the dispute over its attempt to use the conservation easement appraisal for a

2

deduction.

Plaintiff alleges that "a claim for refund of the penalty was duly filed with the Secretary." The secretary denied that claim. He further alleges he paid the penalty under protest.

Defendant moves to dismiss for lack of subject matter jurisdiction because Plaintiff failed to file a claim for refund with the IRS and failed to pay the penalty before filing a claim for the refund with regard to Count I. As to Count II, the Government moves to dismiss for lack of a final agency action.

## Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court must first "distinguish between a 'facial attack' and a 'factual attack.' " *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990); *Smith v. UnitedHealth Group Inc.*, 106 F.4th 809, 812 (8th Cir. 2024).(On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), courts must "consider whether a party is asserting a 'facial attack' or a 'factual attack' on jurisdiction." (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016))." A facial challenge requires the court to "determine whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint ... and drawing all reasonable inferences in favor of the plaintiff." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted). In a

3

factual attack, the nonmoving party "does not have the benefit of 12(b)(6) safeguards" and the court "inquires into and resolves factual disputes." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). Thus, since Defendant relies on materials beyond the pleadings, the attack is a factual attack. Therefore, the truth of the allegations will not be assumed.

## Discussion

Count I

The United States argues this Court lacks subject matter jurisdiction over this case because Plaintiff failed to show the United States expressly waived sovereign immunity. It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued. *Peterson v. United States*, 428 F.2d 368, 369 (8th Cir. 1970). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "[S]tatutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25 (1951). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957). In a suit against the United States the Plaintiff bears the burden of showing both a waiver of sovereign immunity and a grant of subject matter jurisdiction. *V S Ltd. P'ship v.*

4

*Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

26 U.S.C. § 7433 allows a taxpayer to recover actual, direct economic damages when an officer or employee of the IRS recklessly, intentionally, or negligently disregards any provision of the Internal Revenue Code ("Code") or any regulation promulgated under the Code in the collection of a federal tax. Under Section 7433 the United States has waived its sovereign immunity only for suits alleging harm caused by improper collection activities. *Henry v. United States*, 276 F. App'x 503, 505 (7th Cir. 2008); *Hoglund v. United States*, No. 1:22-CV-153, 2024 WL 1345657, at *3 (D.N.D. Mar. 29, 2024)

In order to file a suit for a tax refund, the taxpayer must file an administrative refund claim. 26 U.S.C. § 7422(a).

Section 7422(a) of the Internal Revenue Code provides:

> No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). This section "'imposes, as a jurisdictional prerequisite to a refund suit, filing a refund claim with the IRS that complies with IRS regulations.'" *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed.Cir.1994)." *Ahmed v. United States*, 147 F.3d 791, 795 (8th Cir. 1998). An

5

administrative refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the commissioner of the exact basis thereof." Treas. Reg § 302.6402-2(b).

The IRC, at 26 U.S.C. § 7422, authorizes suit against the Government for recovery of taxes erroneously or illegally assessed or collected (among other actions) when certain conditions precedent are met. 26 U.S.C. § 7422(a). To this end, "in order for [a] refund [suit] to be maintained, the taxpayer must have paid the disputed tax in full and have 'duly filed' an administrative claim for a refund." *Hansen v. United States*, 248 F.3d 761, 764 (8th Cir. 2001); *Sharma v. United States*, No. 4:22-CV-00755-BCW, 2024 WL 3226157, at *4 (W.D. Mo. Mar. 25, 2024), reconsideration denied, No. 4:22-CV-00755-BCW, 2024 WL 3226156 (W.D. Mo. June 3, 2024).

Plaintiff does not allege that he paid his allegedly erroneous tax penalty in full before he filed an administrative claim or that he pursued any administrative remedies in search of a refund. Moreover, the Government has submitted evidence that Plaintiff has taken neither step, and Plaintiff fails to dispute that evidence. Thus, the United States has not waived the sovereign immunity and his refund claim must be dismissed for lack of subject-matter jurisdiction.

Count II

The Government moves to dismiss Count II for lack of standing and as not

yet ripe for adjudication because the administrative process regarding Plaintiff's request to declare no Circular 230 violation should be alleged against him has not yet been completed. As the Government details, under Circular 230, when a penalty has been assessed against an appraiser under the IRC and the Office of Professional Responsibility ("OPR") determines the appraiser has acted willfully, recklessly, or through gross incompetence, the OPR is authorized to institute a proceeding for disqualification against the appraiser or reprimand the appraiser. 31 C.F.R. 10.60(b). Plaintiff admits Defendant is correct that the OPR's Circular 230 determination has not been made final, but he argues that the 6695A penalty on which the OPR has based the entirety of its ruling has been finalized per the Treasury Regulations which state that an Appeals Office ruling is final. He further argues that a court ruling that the imposition of the penalty was arbitrary and capricious will make him whole and "will completely eradicate any possibility of Circular 230 penalties and harassment from the IRS." Plaintiff's argument does not controvert the fact that there has been no final determination and his claim is therefore not yet ripe. Indeed, at this stage, there is no pending claim which could even consider Plaintiff's "arbitrary and capricious" allegations. Plaintiff appears to put the proverbial cart before the horse in seeking declaratory relief before any determination by the OPR. Count II will be dismissed.

Conclusion

Based upon the foregoing analysis, Defendant's Motion is well taken and will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that is Defendant's Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 11], is **GRANTED**.

Dated this 10th day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE